IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| FRANCIS GRANDINETTI, #A0185087, | CIV. NO. 20-00109 SOM-KJM |
| Plaintiff, | DISMISSAL ORDER |
| vs. | |
| ROBERTO SEBASTIAN, JR., *et al.*, | |
| Defendants. | |

## **DISMISSAL ORDER**

Before the court is pro se Plaintiff Francis Grandinetti's most recent pleading, in which he complains that Dr. Roberto Sebastian, Jr., a new psychiatrist assigned to the Saguaro Correctional Center ("SCC"), concurs with other SCC psychiatrists who have treated Grandinetti since 2007, who are also named as Defendants, and has diagnosed him as mentally ill. *See* Compl., ECF No. 1 at #1, #12, #16.[1]

For the following reasons, any request to proceed in forma pauperis is DENIED and this action is DISMISSED.

### **I.    INTRODUCTION**

As an inmate diagnosed with a mental illness, Grandinetti is housed in a segregated unit in which all inmates wear green jumpsuits and are tightly cuffed when they are transported from

---

[1] For clarity, the court refers to the numbering and pagination assigned to filed documents by the Federal Judiciary's Case Management/Electronic Case Files ("CM/ECF").

their cells.  While Grandinetti's pleading is less than clear, it appears that he complains that he cannot participate in "SHIP" or "RAD" programs while designated as mentally ill.[2]  *See id.*

Grandinetti alleges no other discernible facts in support of these claims, but attaches approximately twenty-four pages of medical requests that he has submitted at SCC since 2016.  Only a few of these requests mention Dr. Sebastian or relate to the allegations herein, and none of them demonstrates that Grandinetti is being denied medical or mental health care, or that his repeated requests for information and medical tests are being ignored.  Rather, they show that Grandinetti has often requested medical tests, then refused to allow medical staff to examine him, and has repeatedly requested the same medical information without regard to the previous responses he received.

Grandinetti neither paid the civil filing fee for commencing this action nor submitted an in forma pauperis application.  He did, however, submit an Application to Proceed In Forma Pauperis by a Prisoner in another action that he filed the same day as

---

[2]  Grandinetti does not define what these programs are, but they appear to be programs that are suggested for a favorable parole determination.  Grandinetti's exhibits show, however, that he refuses to participate in these programs or to appear at any parole hearings.  *See* Compl., ECF No. 1 at #8 (stating that he is "'too injured' for any programming at all, nor for SHIP 1,2,3"); at #2 ("I have another HPA parole hearing scheduled.  Currently, 'too injured to attend.'").

this suit. *See Grandinetti v. Mee*, Civ. No. 20-00110 LEK-RT (D. Haw. 2020), ECF No. 2. This suggests that he intended to request in forma pauperis status in both actions, and the court will treat the application as applying to both.

## II. **28 U.S.C. § 1915(g)**

A prisoner may not bring a civil action or appeal a civil judgment if:

> the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "[Section] 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) ("*Andrews I*"). "In some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120.

3

## III. DISCUSSION

Grandinetti has accrued three strikes pursuant to 28 U.S.C. § 1915(g).[3] The court has repeatedly notified him of these strikes and informed him that he may not proceed in forma pauperis unless his pleadings show that he was in imminent danger of serious physical injury when he brought this action. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053, 1055 (9th Cir. 2007) ("*Andrews II*"). Nothing in the Complaint or its exhibits indicates that Grandinetti is or was in imminent danger of serious physical injury, due to his continued diagnosis of mental illness, when he filed this action, or that there is a continuing practice that injured him in the past that poses an "ongoing danger." *Id.* at 1056.

Moreover, the Complaint can be read only as Grandinetti's disagreement with Dr. Sebastian's and other SCC psychiatrists' diagnoses that he is mentally ill to a degree that requires him to be segregated. This, standing alone, does not show that this diagnosis or resulting segregation from certain programs was medically unacceptable, or that Dr. Sebastian or others acted with deliberate indifference to Grandinetti's mental illness and need for care. *See Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th

---

[3] *See, e.g.*, *Grandinetti v. FTC Seg. Unit Staff*, 426 F. App'x 576 (9th Cir. 2011); *Grandinetti v. Abercrombie*, Civ. No. 15-00007 LEK-RLP (D. Haw. 2015); *Grandinetti v. Shimoda*, Civ. No. 05-00442 JMS-BMK (D. Haw. 2005); *Grandinetti v. Stampfle*, Civ. No. 05-00692 HG-LEK (D. Haw. 2005).

4

Cir. 2004) ("[A] mere 'difference of medical opinion . . . [is] insufficient, as a matter of law, to establish deliberate indifference.'") (quoting *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996). It is also clear that venue for Grandinetti's claims regarding his mental health diagnosis or treatment lies in the United States District Court for the District of Arizona, where Grandinetti is incarcerated. *See* 28 U.S.C. § 1391. Grandinetti fails to state a colorable claim for relief or show that he is entitled to proceed in this case without concurrent payment of the filing fee. Grandinetti's in forma pauperis request is DENIED.

## IV. CONCLUSION

Any request for in forma pauperis status is DENIED, and this action is DISMISSED without prejudice for Grandinetti's failure to concurrently pay the civil filing fee. This dismissal does not prevent Grandinetti from moving to reopen this action with concurrent payment of the filing fee, but he is notified that it fails to state a claim as written and that venue for these claims lies in the District of Arizona.

The Clerk is DIRECTED to enter judgment for Defendants and to close this case. In light of Grandinetti's history of filing documents, motions, and requests in long-closed cases, the court will take no further action on any documents filed herein beyond

5

processing a notice of appeal, unless Grandinetti submits the civil filing fee.

IT IS SO ORDERED.

DATED: March 17,2020



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Grandinetti v. Sebastiani, et al.*, 1:20-cv-00109 SOM-KJM, 3 stks '20;